[No. 13012.  In Bank. — October 10, 1889.]

# GEORGE CHALMERS, RESPONDENT, v. ALEXANDER CHALMERS, APPELLANT.

MOTION FOR NEW TRIAL — MODIFICATION OF JUDGMENT — REMITTITUR OF EXCESS. — When upon the hearing of defendant's motion for new trial the court decides that the judgment for plaintiff is too great, it is not proper procedure to order it modified upon consent of plaintiff, but the court should cause the plaintiff to enter a *remittitur* of the excess when denying the new trial.

PARTNERSHIP — SUIT FOR ACCOUNTING — PLEADING — PARTIES — VARIANCE — NONSUIT. — When in a suit for an accounting of partnership affairs an employee is improperly sued as a partner with plaintiff and another defendant, and a nonsuit is granted as to the employee, it is proper to proceed with the accounting between the plaintiff and the remaining defendant, between whom a partnership is shown to exist, and a nonsuit may be refused as to such defendant. The issue tendered as to partnership between the three persons includes an issue as to partnership between the remaining two which may be tried without amendment.

INSTRUCTIONS — CONSIDERATION OF EVIDENCE BY JURY. — It is not harmful error to refuse to instruct the jury as to what they already know in reference to their right to consider evidence which had been admitted before them without objection.

PARTNERSHIP FIXTURES — STOCK OF GOODS — ACCOUNTING — AMENDMENT OF PLEADING. — It is not clear that partnership fixtures are a part of the stock of goods, though a part of the stock in trade of the partnership; and a complaint describing them as part of the stock of goods should be allowed to be amended in order clearly to justify evidence as to the disposition or appropriation made of the fixtures by the partners, which ought to be considered in order to a fair adjustment of the partnership matters.

PARTNERSHIP ACCOUNTING — LOSS OF DEBT DUE TO PARTNERSHIP. — One partner cannot properly be charged with the loss of a debt due to the partnership by allowing it to be barred by limitation, although he had the firm books in his possession and control, if the other partner was a managing partner and knew of the debt, and might have demanded or sued for its payment.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. L. Dudley*, for Appellant.

*Baldwin & Campbell,* and *Edward I. Jones,* for Respondent.

FOOTE, C. — The plaintiff brought this action as a partner of the defendant, Alexander Chalmers, and one Brown for an accounting. He claimed that he and the defendants were members of a firm engaged in carrying on a dry goods business, and that the defendants forcibly took from his possession, and without his consent, a stock of goods composed of a general assortment of dry goods, dress goods, and fancy goods, and that the firm had outstanding book-accounts to the value of two thousand five hundred dollars, which goods the defendants converted to their own uses, and deprived plaintiff of any use or ownership of them; that the book-accounts were collected, and were being collected, by the defendants, and converted to their own use.

The defendants denied these allegations. A trial was had, and a nonsuit moved for, which was granted as to Brown, he not apppearing to have been a partner in the commercial business, but an employee.

The motion for a nonsuit was denied as to Alexander Chalmers, and, without an amendment of the pleadings, the trial proceeded as between him and the plaintiff on special issues submitted to the jury, as follows: —

"1. Were George Chalmers and Alexander Chalmers partners in the dry goods business prior to February 12, 1885 ?

"2. Was the property taken from the store of Chalmers & Brown on the twelfth day of February, 1885, partnership property?

"3. Were the book-accounts that were taken from the store of Chalmers & Brown on the twelfth day of February, 1885, partnership property?

To all of which answers of "Yes" were returned by the jury.

Thereupon the court made an order appointing Au-

gust Muenter referee to take an account between George and Alexander Chalmers and their partnership, to report his findings of fact, and a judgment as to the state of said account.

The order was obeyed, and according to the report and findings of the referee as to facts and conclusions of law thereon, it was found that there was due to the plaintiff from the defendant the sum of $1,909.34, with interest from the twelfth day of February, 1885, at legal rates.

Whereupon the court adopted the findings of the jury, and made other findings of fact, based upon the findings and report of the referee, and, upon them and its conclusions of law, gave judgment for the plaintiff for $1,909.34 principal, $417.10 interest, making $2,326.44, and costs.

After the motion for a new trial had been heard, the court, in an order then made, recited "that the judgment of this court, based upon the findings of the referee, is for eight hundred dollars too much, and, plaintiff's attorney consenting thereto, it is hereby ordered that said judgment be and the same is hereby modified by deducting therefrom said sum of eight hundred dollars, and the defendant's motion for a new trial is denied."

Upon the appellant's motion, that order was amended by striking out the words "eight hundred" and inserting in lieu thereof "nine hundred and seventy-seven and sixty-four hundredths (977.64)." The order was made *nunc pro tunc* as of November 19, 1888.

Although the appellant does not complain of this method of reducing the judgment, we may remark, in passing, that it strikes us as being not the proper method to have pursued in the affair, and that it would have been the correct procedure to cause the plaintiff by his attorney or himself to enter a *remittitur* for the amount.

The appeal is taken from the judgment as modified, and from the order denying a new trial.

It is urged that in the condition of the pleadings no

such judgment is admissible; that the nonsuit ought to have been granted, because the proof showed no such partnership as alleged; that there was no finding upon the material issue whether the partnership as alleged and denied existed or not,

The allegation was that a partnership existed between three persons doing business under the style of Chalmers & Brown. The proof was that two of the persons, that is, the plaintiff, George Chalmers, and the defendant, Alexander Chalmers, were such partners, but that Brown was not a partner.

This necessitated the granting of the nonsuit as to Brown, and the trial of the question as to whether a partnership, as alleged, existed between the other two. When the issue was disposed of as to Brown, a part of it was determined. The undetermined part had to be tried. The allegation that the three were partners necessarily included as a part of it that the two Chalmers were partners in that firm, as the greater includes the less. The issue as to Brown's relation to the other two parties being determined still left the relations between the two Chalmers brothers to be determined. Therefore, the refusal of the nonsuit as to them, considering the proof made, was not improper.

So the issue to be tried included the assertion on one side and a denial on the other that all three of the above persons were partners, and that the two Chalmers were such partners as well as Brown. When the relation in which Brown stood was determined by the nonsuit as to him, the question still remained to be declared, under the issue made, what the relations and acts of George and Alexander Chalmers were. This could properly be ascertained under the pleadings without an amendment.

It is further claimed that the court should not have refused instructions to the jury to the effect that certain evidence was before them, and could be considered in making up their verdict.

It is true that the granting of the instructions would not have been error, because the evidence alluded to in them had been admitted, and was before the jury without objection. Yet, this being so, it is not perceived why any harmful error was committed in not telling the jury what they already knew, —that is, that the evidence was before them for consideration.

From the books it appeared, and the evidence is not contradicted, that Alexander Chalmers collected accounts due the firm to the amount of $2,015.35, and that of this sum he paid out $544.41 in liquidation of the indebtedness of the firm. The finding, therefore, of the referee that the defendant had only paid the sum of $197.74 is unsupported by the evidence. He did not get credit for the difference between $197.74 and $544.41,—that is, $346.67. And the court was not warranted in giving judgment against the defendant without allowing him credit for the full sum of $544.41.

As to the matter of fixtures which entered into the referee's statement of the account between the parties, it may be that under the allegations of the complaint no evidence of what disposition was made of them was admissible, and that a finding as to the proportion which each partner took of them was outside of the issues made by the pleadings; that is to say, construing the language of the complaint strictly against the pleader, it is not clear that fixtures are a part of a stock of goods, although a part of the stock in trade of this partnership. Yet it is plain that to arrive at a fair adjustment of the partnership matters, the portion of the fixtures which each partner appropriated, or any other property belonging to the partnership effects, should enter into the accounting, and a proper amendment of the pleadings to that end should be allowed, as the case must be retried upon other grounds.

We are of opinion that it was erroneous to charge Alexander Chalmers with the James E. Brown account

(viz., $693.40 and interest). The finding upon the point is not explicit in declaring that the debt was lost wholly by the neglect of the defendant, Alexander Chalmers, causing the bar of the statute of limitations to attach, nor does the evidence show that it was so lost by his carelessness. It is true that the defendant had the firm books in his possession, and out of the control of the plaintiff. Nevertheless the plaintiff did collect some of the accounts contained in those books, and having been the managing partner and in charge of the business, was familiar with what kind and amount of debts were due the partnership, and could have demanded the payment of the Brown account, and brought an action therefor if payment was refused.

We fail to perceive from the record wherein the partnership was indebted to George Chalmers in the sum of $162.12, as found in the fifth finding of fact of the referee.

George Chalmers had due him as salary from the 1st of September, 1884, to the 12th of February, 1885, at $150 per month, the sum of $810. Of this he drew $800. He collected accounts to the amount of $244.45, and took from the receipts of the business $206.83. How upon this state of facts the partnership owed him $162.12 we must confess our inability to understand.

For these reasons we advise that the judgment and order be reversed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.

WORKS, J., and FOX, J., concurring. — We concur in the judgment, but do not wish to be understood as agreeing to the proposition that a party can allege a partnership consisting of three persons and recover upon proof

of a partnership consisting of two of such persons, even under the circumstances of this case.

PATERSON, J.. took no part in the decision of this cause.